WEISBER v. ERSTE BORUSLAWER & DROHOWITZER YOUNG MEN'S BENEV. SOC.

(Supreme Court, Appellate Term.   December 22, 1911.)

1. BENEFICIAL ASSOCIATIONS (§ 18*)—AMOUNT RECOVERABLE—FUNERAL EXPENSES.

The by-laws of a fraternal benefit society provided, on the death of a brother in good standing, or his wife, for a funeral, provided the cost did not exceed $30. *Held*, that the death of a member's wife did not entitle him absolutely to $30, if the expenses of her funeral were paid by him, and not by the society, but only gave him the right to have his wife buried by the society at an expense not exceeding $30.

[Ed. Note.—For other cases, see Beneficial Associations, Dec. Dig. § 18.*]

2. BENEFICIAL ASSOCIATIONS (§ 18*)—DEATH OF WIFE—DEATH WITHOUT COUNTRY.

The by-laws of a fraternal benefit society provided for certain benefits to a member on the death of his wife. *Held*, that it was not essential that a member's wife be also a member of the society or die in the United States to entitle him to the benefits provided.

[Ed. Note.—For other cases, see Beneficial Associations, Dec. Dig. § 18.*]

3. BENEFICIAL ASSOCIATIONS (§ 18*)—PRESENTATION OF CLAIM—TIME.

A member is not bound to present his claim for benefits upon his wife's death within three months from her death; the provision that "the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

money shall be paid at latest within three months" not referring to the time a claim for benefits must be presented.

[Ed. Note.—For other cases, see Beneficial Associations, Cent. Dig. §§ 41–50; Dec. Dig. § 18.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Samuel Weisber against the Erste Boruslawer & Drohowitzer Young Men's Benevolent Society. From a judgment dismissing the complaint, plaintiff appeals. Reversed, and new trial ordered.

Argued before GIEGERICH, LEHMAN, and PENDLETON, JJ.

Max Schleimer, for appellant.

Rogers & Rogers (Gustavus A. Rogers and Saul E. Rogers, of counsel), for respondent.

GIEGERICH, J.    Plaintiff brought this action, claiming that in accordance with the defendant's by-laws he was entitled to the sum of $1 for each member in good standing at the time of the death of his wife and also funeral expenses equal to the sum of $30. The facts are substantially undisputed:

On April 28, 1908, the plaintiff's wife died in Europe. At that time the plaintiff was a member of the defendant society in good standing, and it had at least 73 members in the same situation. There is no evidence that the plaintiff's wife was ever a member of the defendant society. The respondent contends that the construction of the by-laws is a question of law for the court, and with this contention the appellant agrees.

[1] The claim of the plaintiff to funeral expenses is based upon article 11, § 1, of the by-laws of the defendant. which reads as follows:

"If a good standing brother or his lawful wife dies, the corpse according to the Jewish rites up to the time of burial shall be taken care of. A free burial place, a hearse, coffin shroud (tachrichem), two carriages and everything necessary thereto will be given, but the costs must not exceed the sum of $30. Brothers residing in the city are obliged to accompany the corpse to the ferry. If the corpse is buried by another society, so only two carriages for the funeral committee are ordered, yet the brothers are not excused from accompanying the corpse as far as the ferry."

An examination of this section shows that the death of a member's wife gives him merely the right to a funeral by the society in the manner prescribed in said section, the expense thereof not to exceed $30, but does not give the plaintiff said sum absolutely, in case the expenses were paid by him, and not by the society.

[2] Section 13 of article 11 reads as follows:

"In case of death of a member or his lawful wife, should the brother be taxed one dollar to the quarterly payments, and after suspension evening, the remaining people are to receive so many dollars as many brothers there are in the society. The money shall be paid out at latest within three months, with the exception, God forbid, two cases happen in the same quarter, so must the second case be set over for the next quarter."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

This section, it will be seen, makes no provision that the death of the member or of his wife must occur within the United States, nor is it essential that the wife should be a member of the defendant society, in order to entitle the husband to the benefit provided for therein.

We have carefully read those sections of the several articles referred to in the respondent's brief, which it claims should be read in connection with, and is controlling in determining the construction which is to be given, those sections above quoted; but we see nothing contained therein that leads us to the conclusion, as stated by the trial judge:

"That the husband and wife in this order, in this lodge, were there in a, dual capacity; that her removal from the United States and from the state and country destroyed any rights she had in the lodge or any claim she had against its members."

It appears to us that, while the by-laws contemplate that a member sojourning outside of the United States shall have no claim to any benefits of the society, and shall during his absence be regarded as a stranger to the society, yet where he is living in the United States he maintains all his rights as a member, and should not be deprived of the death benefits given by the society upon the death of his wife, even though she may have removed from the United States.

[3] There is no force in defendant's contention that the plaintiff should have presented his claim within three months from the date of the death of his wife. The provision in section 13, supra, that "the money shall be paid at latest within three months," is wholly for the governance of the defendant, and has no reference to the time in which a claim for benefits under its provisions must be made.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.